Dear Mr. Simmons:
You have requested an opinion of the Attorney General's Office with respect to whether a licensed day care facility can maintain a Class A License and a Class B License for the same facility simultaneously.
LSA-R.S. 46:1403(4) defines "day care center" in part as:
 Any place or facility operated by any institution, society, agency, corporation, person or persons, or any other group for the primary purpose of providing care, supervision and guidance of seven or more children not related to the caregiver and unaccompained [unaccompanied] by parent or guardian, on a regular basis for at least twenty hours in a continuous seven-day week. A day care center that remains open for more than twenty hours in a continuous seven-day week, and in which no individual child remains for more than twenty-four hours in one continuous stay shall be known as a full-time day care center. A day care center that remains open after 9:00 p.m. shall meet the appropriate regulations established for nighttime care. (Emphasis added).
The main purpose of Child Care Facilities and Child-Placing Agencies as set forth by the legislature is to protect the health, safety, and well-being of the children, to insure the maintenance of these standards, and to regulate conditions in these facilities through a program of licensing. LSA-R.S.46:1402. The requirement of licensure established in LSA-R.S.46:1404 is as follows:
 All child care facilities, including facilities owned or operated by any governmental, profit, nonprofit, private, or church agency, shall be licensed. Licenses shall be of two types: Class A and Class B.
The subsequent statutes, LSA-R.S. 46:1408(C) and LSA-R.S.46:1412(B), further state that upon issuance of a license, whether it be a Class A license or a Class B license, the license shall apply only to the location stated in the registration, and such license, once issued, shall not be transferable from one person to another or from one location to another. In addition, if the location or ownership of the facility is changed, the license shall be automatically revoked and a new application form shall be completed prior to all license renewals.
Taking into consideration the fact that the legislature has established two separate statutes with different rules, regulations and standards for each type of facility, we are of the opinion that the legislative intent behind these statutory provisions is that each facility should remain a separate and distict [distinct] entity from the other.
Furthermore, R.S. 46:1412(D) explicitly states the following:
 No Class B facility may receive local, state, or federal funds directly or indirectly.
The most problematic issue involving dual licensure is invoked by LSA-R.S. 46:1412(D), the statutory prohibition disallowing a Class B facility from receiving federal or state funds. Hence, to allow a facility to maintain both licenses would allow a Class B facility to indirectly benefit and receive those funds. The language of the statute indicates that a Class B center may not receive any government funds in exchange for lesser requirements.
It is the opinion of this office that the legislature contemplated that a licensed day care facility maintain a Class A License or a Class B license, but not both for the same facility simultaneously.
We trust this to be sufficient information. Please advise if we may be of further assistance.
Sincerely,
 Richard P. Ieyoub Attorney General
 By: Kerry Kilpatrick Assistant Attorney General